Citation Nr: 1607927 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 08-14 853 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Whether the Veteran is eligible for educational assistance under Chapter 30, Title 38, United States Code (Montgomery GI Bill or MGIB). 


REPRESENTATION

Appellant represented by: Daniel R. Devoy, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

M. McPhaull, Counsel


INTRODUCTION

The Veteran served on active duty from September 1990 to July 1991.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2007 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In March 2012, the Board remanded the case to the agency of original jurisdiction (AOJ) in order to schedule the Veteran for a Board video-conference hearing. That hearing was held before the undersigned in March 2013. A transcript of the hearing has been associated with the record on appeal.

In September 2013, June 2014, and March 2015 the Board remanded the case to the AOJ for additional development. After taken further action, the AOJ confirmed and continued the prior denial and returned the case to the Board.

The Board notes that, in addition to the paper VA education folder, there are also electronic (Virtual VA and Veterans Benefits Management System (VBMS)) paperless claims files associated with the appellant's claim. The electronic files contain additional evidence, including the transcript of the March 2013 Board hearing, which the Board has reviewed.

For the reasons set forth below, this appeal is again being REMANDED to the AOJ. VA will notify the appellant if further action is required on her part.


REMAND

When this case was remanded in March 2015, the Board instructed, among other things, that the AOJ send pertinent information to the Veteran's current representative. Indeed, the Board noted that three notice letters sent to the Veteran in July 2014, were not copied to the Veteran's current representative (a private attorney); but rather to her former representative (The American Legion). See VA Form 21-22a (Appointment of Individual as Claimant's Representative), dated September 2012 (located in VBMS) (appointing attorney Daniel R. Devoy as the Veteran's representative). An October 2014 supplemental statement of the case (SSOC) was likewise copied to the American Legion, rather than the Veteran's current attorney. The Board noted that such needed to be corrected. See 38 C.F.R. § 20.300 (providing that an appellant will be accorded full right to representation in all stages of an appeal).

The evidence does not reflect that the AOJ has made such correction and in fact, the most recent November 2015 SSOC is also copied to The American Legion. There is no indication that Mr. Devoy has received any of the notifications, to include the November 2015 SSOC, as instructed by the Board.

The United States Court of Appeals for Veterans Claims (Court) has held that a remand by the Board confers on the appellant, as a matter of law, a right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. Stegall v. West, 11 Vet. App. 268, 271 (1998). The Court has indicated, additionally, that if the Board proceeds with final disposition of an appeal, and the remand orders have not been complied with, the Board itself errs in failing to ensure compliance. Id. Given the Court's holdings on the matter, and the fact that the development sought in this case has not been fully completed, the Board has no choice but to return this case to the AOJ.


Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran's attorney (Daniel R. Devoy) with copies of the three notice letters the AOJ sent to the Veteran in July 2014, as well as copies of the SSOCs mailed to the Veteran in October 2014 and November 2015. All documents enclosed with, or attached to, the originals must be included. The Veteran's attorney should be afforded a reasonable period of time in which to respond.

2. Then, after taking any additional development deemed appropriate, the claim should be returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).